IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 16-46-RGA |
| | ) | |
| KEENAN GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Defendant has filed a motion styled, "Motion to Dismiss the Indictment with Prejudice for the Court's Violation of Section 3161 of the Speedy Trial Act, 18 USC Sections 3161-3174." (D.I. 65).

The motion principally claims a violation of the Speedy Trial Act for failing to set a trial date at Defendant's initial appearance or arraignment. No trial date was set at either hearing, and, indeed, I only recently set a trial date. (D.I. 70). One can argue about whether or not it was "practicable" to set a trial date at various times,[1] but, assuming that it was, I nevertheless agree with the First Circuit that the instruction to set such a trial date is "hortatory," and that failure to do so does not result in dismissal. *See United States v. Tedeschi*, 774 F.2d 511, 515 (1st Cir. 1985).

---

[1] Generally-speaking, the Court has set dates for various events leading up to a trial, so that, with two primary exceptions, there has always been a subsequent date on the calendar. Setting trial dates when representation is up in the air, or while motions are being prepared or are pending, is possible, but involves a significant amount of wasted effort as the dates cannot be kept.

Defendant makes various statements in his motion that could be interpreted as a suggestion that the 70-day requirement of the Speedy Trial Act has been violated. I note that the Speedy Trial Act states, "The defendant shall have the burden of proof of supporting such motion [for dismissal] but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3)." 18 U.S.C. § 3162(a)(2). Defendant's motion does not provide any analysis in support of dismissal for violation of the 70-day requirement.[2] Thus, it is denied procedurally. Further, as noted in footnote 2, there has been no violation of the 70-day requirement.

While not in the motion's caption, Defendant also raises issues about the grand jury indictment. I reviewed the indictment, the original of which is kept under seal in the Clerk's Office. It has a full signature for the grand jury foreperson. The copies that are made publicly available have the foreperson's signature redacted. The normal procedure is that after a grand jury session, an AUSA appears with the foreperson before one of the United States Magistrate Judges. The foreperson (who took an oath at the beginning of the grand jury's existence) confirms that twelve or more grand jurors voted to approve the indictment. This colloquy is recorded by the Magistrate Judge's staff. That is how a grand jury indictment makes its way to being docketed in the District Court. Defendant also complains that he cannot identify who recorded the grand jury testimony. The United States Attorney is under no duty to identify as a part of discovery the Court Reporting firm that records the grand jury testimony. Thus, there is

---

[2] Nevertheless, I have reviewed the docket. It seems to me that motions were pending, or time was excluded, for all periods following arraignment on May 26, 2016, see *United States v. Willaman*, 437 F.3d 354, 357-59 (3d Cir. 2006), other than November 23-December 20, 2016 (28 days), June 17-19, 2017 (3 days), November 7-December 4, 2017 (28 days), and February 16-19, 2018 (4 days). That time adds up to less than 70 days. It is possible that there are grounds to exclude some of that time also, but as neither party has provided any analysis of whether any of the exceptions apply to that time, it does not serve any purpose to further examine the record.

no basis to believe there has been a violation of Fed. R. Crim. P. 6(f), and no basis to dismiss the indictment based on improper grand jury procedures.

The motion to dismiss the indictment (D.I. 65) is **DENIED**.

_____
United States District Judge
11/26/18